(153 App. Div. 547.)

PEOPLE ex rel. REPUBLICAN AND JOURNAL CO. v. LAZANSKY, Secretary of 'State, et al.

(Supreme· Court, Appellate Division, Third Department. November 22, 1912.)

1. NEWSPAPERS (§§ 1, 5*)—DESIGNATION AS OFFICIAL NEWSPAPER—VALIDITY.

An order of the Appellate Division in a certiorari proceeding instituted by the R. Co., annulling the designation under County Law (Consol. Laws 1909, c. 11) § 20, by a board of supervisors of a newspaper to publish the session laws and concurrent resolutions, was reversed by the Court of Appeals on the ground that, such designation being an administrative act, it could not be reviewed by certiorari. In the meantime the board was compelled by mandamus to designate a newspaper published by the R. Co., and publication was had in that newspaper. *Held*, that by the reversal of the order annulling the designation of the first paper, although the reversal was not on the merits, such designation stood as a valid designation from the time it was made, and the second designation was void, and created no liability in favor of the R. Co., since no liability is created by publication in a newspaper not legally designated.

[Ed. Note.—For other cases, see Newspapers, Cent. Dig. §§ 1–13, 21–26; Dec. Dig. §§ 1, 5.*]

2. COURTS (§ 100*)—VOID ORDER—OPERATION AND EFFECT.

The Appellate Division having had no power to make such order annulling the first designation, neither the R. Co. nor innocent third parties acquiring rights thereunder would be protected thereby.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 341–343; Dec. Dig. § 100.*]

Houghton, J., dissenting.

Appeal from Special Term, St. Lawrence County.

Mandamus by the People, on the relation of the Republican and Journal Company, against Edward Lazansky, as Secretary of State, and others. From an order directing the issuance of a peremptory writ, defendants appeal. Reversed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Thomas Carmody, Atty. Gen. (James A. Parsons, of Albany, of counsel), for appellants.

Kellogg & Mulligan, of Ogdensburg, for respondent.

LYON, J. Early in December, 1909, the Republican members of the board of supervisors of St. Lawrence county, acting pursuant to the provisions of section 20 of the County Law (Consol. Laws 1909,. c. 11), designated the Courier and Freeman, a newspaper published at Potsdam, to publish the session laws and concurrent resolutions for the year 1910, and duly filed such designation with the clerk of the board of supervisors, who thereupon filed a certificate thereof in the office of the Secretary of State. On December 31st the relator, which is the owner and publisher of the St. Lawrence Republican, a newspaper published at Ogdensburg, claiming that such newspaper should have been designated rather than the Courier and Freeman, obtained a writ of certiorari, in which proceeding the Secretary of State, the Republican members of the board of supervisors, the owners of the Courier and Freeman, and the clerk of the board of supervisors were respondents, to review such determination of the Republican members of the board of supervisors in designating the Courier and Freeman. In May, 1910, the Appellate Division made an order annulling such determination, and the relator thereupon caused a copy of that order to be served upon the Secretary of State. On June 3, 1910, the respondents therein, other than the Secretary of State, appealed to the Court of Appeals from such order of the Appellate Division.

On June 25, 1910, a peremptory writ of mandamus was issued by the Supreme Court, at the instance of the relator herein, directing and commanding the Republican members of the board of supervisors to forthwith convene and make a legal and valid designation of a Republican newspaper to publish the session laws and concurrent resolutions, and on July 8, 1910, said members convened and, pursuant to the command of said writ, designated the St. Lawrence Republican to publish the same, which designation was duly filed in the office of the Secretary of State July 16, 1910. On July 20, 1910, the Secretary of State sent to the St. Lawrence Republican for publication copies of the session laws and concurrent resolutions, and on August 3d said newspaper began the publication thereof and of proposition No. 1, and continued the same until November 3d, when the period of publication required by law had been completed, and when it mailed to the Secretary of State proof thereof, together with its bill therefor of $601.75, and demanded payment of the Treasurer of the state, who refused to pay the same, and has not paid any part thereof.

On October 25, 1910, the Court of Appeals handed down its decision (199 N. Y. 382, 92 N. E. 789) reversing the order of the Appellate Division upon the ground that the determination of the supervisors was an administrative act, not reviewable by certiorari. The remittitur from the Court of Appeals was filed in the clerk's office of St. Lawrence county November 1, 1910, and an order of the Special Term, granted November 5, 1910, making the judgment of the

Court of Appeals the judgment of the Supreme Court, reversing the said order of May 25, 1910, quashing the writ in said order referred to, and directing the entry of judgment accordingly. Said order and the judgment thereby directed were duly entered on the 3d day of December, 1910, and a copy of each thereupon served upon the Secretary of State. On June 30, 1911, the state of New York paid to the owners of the Courier and Freeman their bill of $601.75 for publishing the concurrent resolutions and proposition No. 1 for the year 1910.

In the month of March, 1912, the Republican and Journal Company applied to the court for a peremptory writ of mandamus, directing that the Secretary of State certify to the Comptroller that the St. Lawrence Republican had duly and regularly made publication of said concurrent resolutions for the year 1910, and that said Comptroller issue his warrant to the State Treasurer directing him to pay to the relator said sum of $601.75, with interest from November 2, 1910. On April 13, 1912, a peremptory writ of mandamus was issued in accordance with said application and filed in the clerk's office of St. Lawrence county, and from such order this appeal has been taken.

[1] The order annulling the designation of the Courier and Freeman having been reversed, such designation stood as a valid designation from the time it was made, and the subsequent designation of a second newspaper, not having been authorized by statute, was void. A publication in a newspaper not legally designated creates no liability therefor. People ex rel. Thompson v. Board of Supervisors, 73 N. Y. 604. The fact that the decision of the Court of Appeals was upon the ground that the determination of the supervisors was an administrative act, not reviewable by certiorari, rather than a determination upon the merits of the controversy, is not material. The vital fact is that the order annulling the designation of the Courier and Freeman was reversed. The position of the relator at this time is as though no designation of the St. Lawrence Republican had ever been made, unless there be force in relator's contention that, having published the resolutions under a designation made pursuant to an order of the court, which order remained unreversed during the period of such publication, with the possible exception of the last two issues of its newspaper, relator is entitled to payment therefor.

The cases cited by the relator as bearing upon this question are those in which the rights of third parties were involved, while in the case at bar the relator itself instituted and prosecuted the certiorari proceeding and was familiar with its every step. At the time the relator obtained the writ of mandamus requiring the supervisors to convene and designate the St. Lawrence Republican, an appeal had been taken to the Court of Appeals and was pending, the purpose of which was to obtain a reversal of the very order under which the relator was assuming to act. The relator knew at the time that the designation of but one newspaper could stand, and that there was uncertainty as to the ultimate result of a lawsuit. With such knowl-

edge the relator sought and obtained the designation and made the publication.

[2] The court not having had the power to make the order annulling the designation of the Courier and Freeman, neither the relator nor even an innocent third party, who had in good faith and in ignorance of the proceeding, acquired rights under it, would be protected by it. Knickerbocker Trust Co. v. O., C. & R. S. Railway Co., 201 N. Y. 379, 94 N. E. 871. What were the relative rights of the respective newspapers to receive the designation in the first instance is not before us for determination. We have to deal simply with the legal rights of the relator and the state as they exist under the conceded facts.

The order of the Special Term, directing the issuance of a peremptory writ of mandamus, must be reversed.

Final order reversed, with costs, and motion denied, with $10 costs and disbursements, as matter of law and not as matter of discretion. All concur, except HOUGHTON, J., who dissents, on the ground that the board of supervisors convened and designated the relator·to make the publication in pursuance of a writ of mandamus which has never been appealed from, and therefore such publication through the Secretary of State was made pursuant to law. KELLOGG, J., not sitting.